D. N. BURDGE v. W. A. L. THOMPSON, AND F. E. BENNETT AND E. BENNETT, JR., *doing business as Bennett Brothers.*

No. 596.* (58 Pac. 484.)

1. ACTION ON CONTRACT—*Defense—Bailees.* It being found by the jury that there was an express contract between the plaintiffs and the defendant that the plaintiffs were to keep the horses levied upon by the defendant, as sheriff, at a fixed compensation per day, and that they had performed that service, it is no defense to an action to recover the same that the plaintiffs were bailees of a mortgagee of the property under a contract to keep and sell the property and pay all expense for an agreed percentage of the amount of the sales, and that subsequently to the discharge of the levy the plaintiffs completed this contract with the mortgagee and received the agreed percentage therefor.

2. ——— *Execution — Void Judgment.* Nor is the plaintiffs' right defeated by the fact that the judgment upon which the execution was issued was subsequently adjudged to be void.

3. ——— *Colorable Levy—Estoppel.* Nor can the sheriff in such case say that his levy was only colorable and did not during its existence, which was recognized by both parties, intercept the progress of the plaintiffs' contract with the bailee, and that, therefore, in furnishing the feed and care for the horses the plaintiffs were only carrying out such prior contract.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed October 6, 1899. Affirmed.

* Petition for order to certify denied by supreme court November 11, 1899.—REP.

*Edwin A. Austin, Albert H. Horton, Vance & Camp bell,* and *Wheeler & Switzer,* for plaintiff in error.

*Quinton & Quinton,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: Defendants in error sued the plaintiff in error to recover the agreed price for keeping 134 head of horses for him, as sheriff, which he had seized under execution. They alleged that there was an express contract between them and the plaintiff in error by which he agreed to pay them fifty dollars a day therefor. The plaintiff in error denied making such contract and denied all liability thereunder. There was a trial to the court with a jury, and the jury returned a verdict for the plaintiffs for the contract price and interest, less a credit on account of a payment made by plaintiff in error. Judgment went upon the verdict, and there are assigned as error the following : (1) Refusing instructions ; (2) giving instructions ; (3) overruling the motion for a new trial.

The real contention is that notwithstanding there was a specific contract and that the services were performed under it, as found by the jury, the plaintiffs cannot recover because prior to the levy the horses were in their possession as bailees of another under a contract to keep and sell them and pay all expense for a certain percentage of the sales, and that thereafter the levy was released and the plaintiffs resumed the performance of their contract as such bailees and carried it out, and received the percentage thereunder ; that the contract was an invalid one because the plaintiff in error, defendant below, did not make a valid levy, in that he did not take actual possession of the property ; that the levy was merely colorable, and,

therefore, did not operate to suspend the prior contract of bailment, and that there was, therefore, no consideration for the express promise to pay for the keeping of the horses. If the bailees had once received pay for the specific service claimed by them against the sheriff there might be some merit in the contention but it does not so appear from the record, nor indeed is it so claimed. As the trial court told the jury in its charge, the consideration for the promise to pay was the care and keeping of the horses, and the question of the validity of the levy did not affect the bailees.

It is further contended that it was subsequently held that the judgment upon which the execution issued was void upon its face; and consequently the consideration for the promise to pay for the care and keeping of the horses failed. With the question of the validity of the execution itself the bailees had no concern. They sued upon their contract with the sheriff, which they had performed, and were entitled to receive the agreed price thereof. The motion for a new trial was properly denied.

The judgment is affirmed.